BRISCOE, Circuit Judge,
concurring:
I concur in the order and judgment. I write separately only to highlight that an individual can voluntarily consent to a search even though the individual is subject to a non-consensual detention.
To the extent defendant is arguing that a voluntary and valid consent cannot be given by a person being legally detained, he is wrong. A “[vjalid consent can be given by a person being detained.” United States v. Soto, 988 F.2d 1548, 1557 (10th Cir.1993). See also United States v. Orrego-Fernandez, 78 F.3d 1497 (10th Cir. 1996) (discussing Soto and reaffirming that a person being detained on side of highway *177 is capable of voluntarily consenting to search of vehicle). “The voluntariness of consent must be determined from the totality of the circumstances, and the government bears the burden of proof on the issue.” Soto, 988 F.2d at 1557. To sustain its burden, “the government must show that there was no duress or coercion, express or implied, that the consent was unequivocal and specific, and that it was freely and intelligently given.” Id. Here, the district court found that defendant’s consent was voluntarily given, and this court “must accept that finding unless it is clearly erroneous.” Id.
Defendant does not argue that the district court’s finding of voluntary consent was clearly erroneous and there would be no merit to such argument. No threat or overt coercion was applied to obtain consent. Only one officer was present and the encounter took place in public view. The officer requested permission to search the car only one time and there is no evidence that he used a threatening tone or demeanor. Defendant does not argue on appeal that the scope of the search exceeded his consent.